THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ANTHONY SPITZIG, Defendant.

County Court, Niagara County, January 17, 1929.

*Raymond A. Knowles, District Attorney*, and *Edmund D. O'Brien, Assistant District Attorney*, for the People.

*Lee & Otis*, for the defendant.

GOLD, J. The defendant was found guilty of violating section 982 of the Penal Law. Said section provides: "Any person who has in his possession, or under his control, or who permits to be placed, maintained or kept in any room, space, inclosure, or building, owned, leased or occupied by him, or under his management or control, any machine, apparatus or device, into which may be, or might have been, inserted any piece of money or other object, and from which, as a result of such insertion, or as a result of such insertion and the application of physical or mechanical force, may issue, or might have issued, any piece or pieces of money, or any check or memoranda calling for any money, and which machine, apparatus or device is commonly known as a slot machine, is guilty of a misdemeanor punishable by a fine of not to exceed fifty dollars or by imprisonment for not to exceed six months, or both."

This defendant had two machines in his possession and the facts are substantially as follows: One machine in evidence is a slot machine in which five cents may be placed. The upper lever may be pulled and the lower lever may be turned, the result of the operation being to give to the player a package of mints and the number of checks redeemable in trade, which number appears in a small window on the face of the machine. The number of checks is indicated before the player inserts the nickel or plays the machine. The checks issued through the machine are marked " good for five cents in trade." The mechanism of the two machines is somewhat different but their objective is apparently about the same. You insert a twenty-five cent piece in the other machine and receive a package of confectionery and blank premium checks. Defendant contends that the machines do not issue any piece or pieces of money or any check or memoranda calling for any money and, therefore, the defendant should be discharged and the machines which had been seized released to the owners. Defendant bases this upon the fact that the check marked " good for five cents in trade " does not come within the above law and that the player, knowing what he is going to get, the machine is not a gambling device. In the other machine where the quarter is inserted the lever on the right is pulled and the dials spin and when they stop a different combination of cherries, plums, lemons, oranges or pears appear, which are supposed to be in different combinations indicating the different amounts to be paid. Results similar to the use of the first machine are, therefore, produced.

The machines are, therefore, gambling devices contemplated by the statute.

With reference to the other contention of defendant that " the machines do not issue any piece or pieces of money or check or memoranda calling for any money " is in my opinion untenable. The checks are good for trade at the store of the owner of the machines and upon presentation of the check to the proprietor the owners of the check can receive as much for the checks as if the amount represented by the check were paid in cash. The owners of the checks are simply limited to cash the same at the place of the owner of the machines.

It is an attempt to evade the provisions of the statute. However, I do not think it has been accomplished. I find that the said machines are gambling devices contemplated by section 982 of the Penal Law and, therefore, affirm the judgment and conviction of the Police Court.